**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-2089-RMR

ERICK ALEXIS GAMEZ GARCIA,

      Petitioner,

v.

WARDEN of Denver Contract Detention Facility;
ROBERT GUADIAN, in his official capacity as Acting Denver Field Office Director, Immigration and Customs Enforcement and Removal Operations;
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement;
MARKWAYNE MULLIN in his official capacity as Secretary of the Department of Homeland Security;
and TODD BLANCHE, in his official capacity as Acting Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW.,

      Respondents.[1]

---

## ORDER

---

Pending before the Court is Erick Alexis Gamez Garcia ("Petitioner" or "Mr. Gamez Garcia") Petition for Writ of Habeas Corpus and Request for Order to Show Cause ("Petition"), ECF No. 1, filed on May 14, 2026. The next day, the Court ordered Respondents to show cause as to why the Petition should not be granted within seven days of service. ECF No. 4. Petitioner filed proof of service on May 19, 2026. ECF No. 5.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is substituted for Robert Guadian and David Venturella is substituted for Todd Lyons.

Respondents did not comply with the Court's Order to Show Cause and did not file a response to the Petition. On June 6, 2026, Petitioner filed a Motion to Enforce deadline, requesting the Court to "enter an order directing Respondents to file a response by a date certain and granting such other relief as the Court deems just and proper." The Court granted the Motion to Enforce on June 8, 2026, and ordered Respondents to enter their appearance and show cause as to why the Petition should not be granted. ECF No. 8. Again, Respondents did not comply with the Court's order.

On June 16, 2026, Petitioner filed a Motion for Order to Treat Petition as Unopposed. ECF No. 9. Two weeks later, on June 30, 2026, Respondents finally filed a response and simply stated "for the purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 10 at 2. Given Respondents' lack of response, the Court finds that Petitioner is improperly detained under § 1225 and entitled to immediate release. Even considering the Petition on the merits, the Court finds this case similar to *Mendoza Gutierrez* and that the facts in this care are sufficiently similar to lead the Court to reach the same result as it did in *Mendoza Gutierrez*. *See Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025).

Therefore, the Court **GRANTS** Petitioner's Petition, ECF No. 1, and Petitioner's Motion to Treat Petition as Unopposed, ECF No. 9, and Respondents are **ORDERED** to release Petitioner from custody immediately, but no later than within 48 hours of this Order, and may not impose any additional conditions of release or supervision. Respondents **SHALL FILE** a status report within TWO DAYS of this Order to certify

2

compliance. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED: July 1, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge